[No. 17423. Department One. December 20, 1922.]

GUSTAV SIEGEL, *Respondent,* v. HENRY SCHISLER, *Appellant.* [1]

VENDOR AND PURCHASER (60, 73)—RESCISSION BY VENDEE—FRAUD—EVIDENCE—SUFFICIENCY. Findings of fraud, entitling plaintiff to a rescission of a trade of his home for a small amount of cash and a $3,000 note, secured by mortgage, are sustained by evidence that the note, which was worthless, was given by the janitor in the real estate agent's office, the land on which the note was secured was at a distance, and its value and character were misrepresented by a former owner called into the agent's office to satisfy the plaintiff.

Appeal from a judgment of the superior court for Spokane county, Lindsley, J., entered January 23, 1922, upon findings in favor of the plaintiff, in an action for rescission, tried to the court. Affirmed.

*Crandell & Crandell,* for appellant.

*Munter & Munter,* for respondent.

[1]Reported in 211 Pac. 273.

MACKINTOSH, J.—A music teacher, the respondent, traded with the appellant his home in Spokane for a small amount of cash and a note for $3,000, secured by a mortgage upon some unoccupied land in Douglas county. He says he was defrauded. The lower court so found, and we are called upon to try the action for rescission upon this appeal.

The testimony shows that the respondent was careless, but it also shows the appellant was crafty. The note which the appellant gave for the respondent's property, and the mortgage securing it, were executed by a man who slept in the rear room of the office of the real estate agents who negotiated the exchange, and who acted as janitor around that office. He denied that he was a "capitalist," although he testified that he loaned money to the real estate agents and had a considerable amount of business in the transfer of property through their firm. The trial court found his note was worthless, and we are impressed with the same belief. The security back of the note was land which was described to the respondent as farming land having valuable water rights on it, and he was told that a banker, living some eighteen miles from the land, had sent a letter to the real estate agents saying it was worth $4,800. This letter, however, was not produced at the trial.

The defense to the action is that the respondent was told by the appellant and the real estate agents that they had never seen the property, and they had no personal knowledge of its value, and that he was furnished an abstract, which he examined before completing the deal. The land was situated about two hundred miles from Spokane, where the deal was made. The respondent was lulled into inactivity in making an examination from the fact that the original homesteader, who it was claimed traded the property for

a consideration of $8,000, was called into the real estate agents' office and there examined by the respondent in the presence of the real estate agents, and this examination satisfied the respondent that the property was as described to him.

A careful reading of the statement of facts convinces us that the credulous confidence of the respondent was secured by the cunning calculations of the appellant, and we are satisfied that the decree in the respondent's favor should be affirmed.

Judgment affirmed.

PARKER, C. J., BRIDGES, and HOLCOMB, JJ., concur.